UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRANK SAMUEL DRAYTON,

                              Plaintiff,

    v.

WILLIAM YOUNG, JR., *New York State Trooper Investigator*; MICHAEL DAVIS, *Monticello Police Officer Detective*; GEORGE MENDEZ, *Monticello Police Officer*; and JASON GORR, *Sullivan County Sheriff Detective Sgt.*,

                             Defendants.

No. 17-CV-5440 (KMK)

OPINION AND ORDER

Appearances:

Frank Samuel Drayton
Romulus, NY
*Pro Se Plaintiff*

Barbara D. Underwood, Esq.
Daphna Frankel, Esq.
Office of the New York State Attorney General
New York, NY
*Counsel for Defendant Young*

Adam L. Rodd, Esq.
Drake Loeb, PLLC
New Windsor, NY
*Counsel for Defendants Davis and Mendez*

Dante D. De Leo, Esq.
Office of the County Attorney, Sullivan County
Monticello, NY
*Counsel for Defendant Gorr*

KENNETH M. KARAS, District Judge:

Pro se Plaintiff Frank Samuel Drayton ("Plaintiff") filed the instant Amended Complaint ("Amended Complaint"), alleging claims pursuant to 42 U.S.C. § 1983, against New York State Trooper Investigator William Young, Jr. ("Young"), Monticello Police Detective Michael Davis ("Davis"), Monticello Police Officer George Mendez ("Mendez"), and Sullivan County Sheriff Detective Sergeant Jason Gorr ("Gorr") (collectively, "Defendants"). (Am. Compl. (Dkt. No. 54).)[1] Plaintiff alleges false arrest and use of excessive force claims during said arrest in violation of his constitutional rights under the Fourth Amendment. (*Id.*)

Before the Court are Defendants' unopposed Motions To Dismiss the false arrest claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] (*See* Notices of Mot. To Dismiss (Dkt. Nos. 63, 68, 70).) For the following reasons, Defendants' Motions are granted.

## I. Background

### A. Factual Background

The following facts are drawn from Plaintiff's First Amended Complaint, (Am. Compl.), and are taken as true for the purpose of resolving the instant Motion.[3]

On January 7, 2016, Plaintiff was a passenger in a car that was the target of a police investigation. (Am. Compl. 1.) Undercover officers driving unmarked cars pursued the vehicle, which "was evading these officers." (*Id.*) Plaintiff, believing the pursuers to be "threatening

---

[1] The Complaint does not specify whether Defendants are sued in their official or individual capacities. To the extent Plaintiff seeks damages against Defendants in their official capacities, his suit is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169–70 (1985) (explaining that the Eleventh Amendment bars a damages action against State officials sued in their official capacity).

[2] No Defendant has moved to dismiss Plaintiff's excessive force claim.

[3] The Court will cite to the handwritten page numbers Plaintiff included in his Amended Complaint.

strangers," fled the vehicle when it came to a stop. (*Id.*) Upon realizing that the pursuers were police officers, Plaintiff stopped and complied with the officers' orders. However, when the police officers reached him, he was "immediately punched in [the] face" by Defendant Mendez. (*Id.*) The officers then handcuffed Plaintiff such that he was "immobilized," and Defendants Davis, Young, and Mendez repeatedly hit and kicked Plaintiff. (*Id.*) Defendant Gorr witnessed the events but did not intervene. (*Id.*)

After the "attack" subsided, the officers asked Plaintiff, "Where are the guns?" and sought information about the other passengers in the car who had fled when the car stopped. When Plaintiff, not knowing the other passengers well, "couldn't give a plausible . . . answer" to the officers' questions, Davis, Young, and Mendez resumed "assault[ing]" Plaintiff, "eventually breaking [his] nose and bruising [his] ribs[,] leaving scars on [his] face and permanent lacerations [on his] body." (*Id.* at 1–2.) Gorr again watched without intervening and threatened to charge Plaintiff with attempted murder if he "say[s] anything about the assault." (*Id.* at 2.)

The victim of the robbery that led to the officers' investigation was present at the scene, and Plaintiff "was not identified" as the perpetrator of the robbery; nevertheless, he was arrested and was ultimately convicted of Robbery in the Second Degree, Conspiracy in the Fourth Degree, Resisting Arrest, and Criminal Possession of Stolen Property in the Fifth Degree. (*Id.*) Plaintiff maintains that his convictions were "constitutionally infirm," and an appeal is pending. (*Id.*)

B. Procedural Background

Plaintiff filed the original Complaint and request to proceed in forma pauperis ("IFP") on July 17, 2017 in this Court. (Dkt. No. 2; Dkt. No. 1.) Plaintiff was granted IFP status on August 16, 2017. (Dkt. No. 4.) On August 31, 2017, the Court issued an Order, pursuant to *Valentin v.*

3

*Dinkins*, 121 F.3d 72 (2d Cir. 1997), requiring the New York State Attorney General, the Village Attorney of the Village of Monticello, and the County Attorney of the County of Sullivan to ascertain the identity of each named Defendant and the address where each may be served. (*Valentin* Order (Dkt. No. 7).) On September 28, 2017, the Court issued an Order of Service directing service on Defendants. (Order of Service (Dkt. No. 14).) Gorr was served on November 14, 2017, (Dkt. No. 21), Young was served on November 15, 2017, (Dkt. No. 24), and Mendez and Davis were both served on November 22, 2017, (Dkt. Nos. 22, 23).

On January 2, 2018, Gorr filed a pre-motion letter indicating the grounds on which he planned to move to dismiss the Complaint. (Letter from Dante D. De Leo, Esq., to Court (Jan. 2, 2018) (Dkt. No. 26).) On January 16, 2018, Young filed a pre-motion letter indicating the grounds on which he would move to dismiss. (Letter from Daphna Frankel, Esq., to Court (Jan. 16, 2018) (Dkt. No. 28).) The same day, the Court set a briefing schedule in a memo endorsement. (Dkt. No. 29.) On January 17, 2018, Davis and Mendez also filed a pre-motion letter indicating the grounds on which they would move to dismiss. (Letter from Adam L. Rodd, Esq., to Court (Jan. 17, 2018) (Dkt. No. 30).) The Court assigned Davis and Mendez the same briefing schedule as Gorr and Young in a memo endorsement. (Dkt. No. 32.)

Gorr filed a Motion To Dismiss on February 26, 2018, (Dkt. No. 34), and Young, Davis, and Mendez filed Motions To Dismiss on March 1, 2018, (Dkt. Nos. 39, 44). On March 13, 2018, Plaintiff filed a motion to amend the Complaint, attaching his proposed Amended Complaint. (Dkt. No. 51.) On March 26, 2018, the Court denied Defendants' Motions To Dismiss without prejudice and granted Plaintiff's Motion To Amend in a memo endorsement, (Dkt. No. 53), and Plaintiff's Amended Complaint was docketed the same day, (Am. Compl.).

On April 6, 2018, Gorr, Davis, and Mendez filed pre-motion letters indicating the grounds on which they would move to dismiss the Amended Complaint. (Letter from Dante D. De Leo, Esq., to Court (Apr. 6, 2018) (Dkt. No. 55); Letter from Adam L. Rodd, Esq., to Court (Apr. 6, 2018) (Dkt. No. 57).) On April 9, 2018, Young filed a pre-motion letter indicating the grounds on which he would move to dismiss. (Letter from Daphna Frankel, Esq., to Court (Apr. 9, 2018) (Dkt. No. 59).) Plaintiff did not file responses. The Court set a briefing schedule for all Defendants in memo endorsements. (Dkt. Nos. 60, 61, 62.)

On May 16, 2018, Defendants filed the instant Motions and accompanying documents. (Nots. of Mot. To Dismiss; Gorr's Mem. Of Law in Supp. of Mot. To Dismiss ("Gorr Mem.") (Dkt. No. 64); Young's Mem. of Law in Supp. of Mot. To Dismiss ("Young Mem.") (Dkt. No. 69); Davis and Mendez's Mem. of Law in Supp. of Mot. To Dismiss ("Davis and Mendez Mem.") (Dkt. No. 72).) Plaintiff did not file opposition papers, and the Court granted Defendants' requests that their Motions be considered fully briefed. (Dkt. Nos. 79, 82, 83.)

## II. Discussion

### A. Standard of Review

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and internal quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.*

5

(alteration and internal quotation marks omitted). Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

In considering Defendants' Motions To Dismiss, the Court is required to "accept as true all of the factual allegations contained in the [C]omplaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (same). And, the Court must "draw[] all reasonable inferences in favor of the plaintiff." *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Where, as here, a plaintiff proceeds pro se, the Court must "construe[] [his complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (per curiam) (internal

quotation marks omitted). However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedure and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (internal quotation marks omitted).

Generally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks omitted). However, when the complaint is drafted by a pro se plaintiff, the Court may consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (internal quotation marks omitted), including, "documents that a pro se litigant attaches to his opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010) (italics omitted), statements by the plaintiff "submitted in response to [a] defendant's request for a pre-motion conference," *Jones v. Fed. Bureau of Prisons*, No. 11-CV-4733, 2013 WL 5300721, at *2 (E.D.N.Y. Sept. 19, 2013), and "documents either in [the] plaintiff[']s possession or of which [the] plaintiff[] had knowledge and relied on in bringing suit," *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (internal quotation marks omitted).

B. Analysis

Defendants' Motions all argue that the false arrest claim should be dismissed because Plaintiff's criminal convictions establish as a matter of law that Defendants had probable cause to arrest him. (*See* Gorr Mem. 4; Young Mem. 4–6; Davis and Mendez Mem. 5–7.) Defendants Gorr and Young further argue that Plaintiff's false arrest claim fails because they are entitled to

7

qualified immunity. (*See* Gorr Mem. 4–5; Young Mem. 6–9.) The Court will address each argument separately.

### 1. False Arrest

"[A] § 1983 claim for false arrest derives from [the] Fourth Amendment right to remain free from unreasonable seizures, which includes the right to remain free from arrest absent probable cause." *Jaegly v. Couch*, 439 F.3d 149, 151 (2d Cir. 2006); *see also Scalpi v. Town of East Fishkill*, No. 14-CV-2126, 2016 WL 858944, at *10 (S.D.N.Y. Feb. 29, 2016) (same). "A [§] 1983 claim for false arrest is substantially the same as a claim for false arrest under New York law." *Simpson v. City of New York*, 793 F.3d 259, 265 (2d Cir. 2015) (internal quotation marks omitted). "To prevail, a plaintiff must prove four elements: (1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not contest the confinement[,] and (4) the confinement was not otherwise privileged." *Crews v. County of Nassau*, 996 F. Supp. 2d 186, 203 (E.D.N.Y. 2014) (internal quotation marks omitted). Probable cause is a complete defense to an action for false arrest, whether that action is brought under New York state law or under § 1983. *See Simpson*, 793 F.3d at 265. In general, probable cause exists where an arresting officer "has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Id.* (internal quotation marks omitted). Probable cause is measured based on "those facts available to the officer at the time of arrest and immediately before it," *id.* (internal quotation marks omitted), and the existence of probable cause must be determined based on the "totality of the circumstances," *see Calamia v. City of New York*, 879 F.2d 1025, 1032 (2d Cir. 1989). A court assessing probable cause must "examine the events leading up to the arrest, and then decide whether these historical

facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." *Maryland v. Pringle*, 540 U.S. 366, 371 (2003) (internal quotation marks omitted).

"[A] conviction for the offense which precipitated the arrest is definitive evidence of probable cause." *Jean-Laurent v. Cornelius*, No. 15-CV-2217, 2017 WL 933100, at *4 (S.D.N.Y. Mar. 8, 2017); *see also Phelan v. Sullivan*, 541 F. App'x 21, 23 (2d Cir. 2013) ("A false arrest claim is defeated by . . . [P]laintiff's conviction for the offense for which he was arrested."); *Cameron v. Fogarty*, 806 F.2d 380, 387 (2d Cir. 1986) ("[A] conviction of the plaintiff following the arrest is viewed as establishing the existence of probable cause."); *Clark v. City of New York*, No. 16-CV-7744, 2018 WL 4372671, at *4 (S.D.N.Y. Sept. 13, 2018) ("A conviction of the crime for which an individual is arrested bars recovery for false arrest or malicious prosecution." (citing *Cameron*)); *Hudson v. County of Dutchess*, No. 12-CV-5548, 2015 WL 7288657, at *11 (S.D.N.Y. Nov. 16, 2015) (collecting cases); *Hope v. City of New York*, No. 08-CV-5022, 2010 WL 331678, at *2 (E.D.N.Y. Jan. 22, 2010) ("A valid prosecution resulting in conviction is conclusive evidence that probable cause existed for an arrest." (citing *Cameron*)).

Plaintiff's Amended Complaint acknowledges that he was convicted of several charges, including Robbery in the Second Degree. (Am. Compl. 2.) Additionally, Defendant Gorr's Motion attaches Plaintiff's Certificate of Conviction confirming this fact, (Gorr Decl. in Supp. of Mot. To Dismiss ("Gorr Decl.") Ex. B (Dkt. No. 65)), which the Court may take judicial notice of "for the limited purpose of recognizing that the subject matter is [P]laintiff's criminal conviction for robbery," *Gibson v. City of New York*, No. 96-CV-4958, 1998 WL 960303, at *3 (E.D.N.Y. Dec. 9, 1998), *judgment aff'd* 182 F.3d 899 (2d Cir. 1999). The Amended Complaint also states that when he was arrested, the Defendants were traveling with the robbery's victim

9

and that they were following the vehicle Plaintiff was riding in pursuant to the investigation of that robbery. (Am. Compl. 1–2.) Together, Plaintiff's allegations, taken as true on a Motion To Dismiss, along with the judicially noticeable Certificate of Conviction, demonstrate that he was arrested pursuant to an investigation of a robbery, and that he was ultimately convicted of that robbery. Plaintiff's conviction for the crime that led to his arrest therefore bars his claim for false arrest at this time. *See Cameron*, 806 F.2d at 388–89 (affirming dismissal of false arrest and other § 1983 claims where the plaintiff was "convicted of the offense for which he was arrested"); *Koltun v. Berry*, 13-CV-1612, 2016 WL 6601558, at *4 (S.D.N.Y. Nov. 7, 2016), *adopted by* No. 13-CV-1612, 2017 WL 476693 (S.D.N.Y. Feb. 3, 2017), *appeal dismissed*, (Apr. 24, 2017) ("[The plaintiff] has been convicted and sentenced in the underlying criminal case in state court. Therefore, he cannot maintain a cause of action for false arrest."); *Luckerson v. Hibbert*, 88-CV-5190, 1991 WL 115144, at *2 (S.D.N.Y. June 20, 1991), *aff'd*, 952 F.2d 394 (2d Cir. 1991) (affirming grant of summary judgment dismissing false arrest claim where the plaintiff was convicted of "at least one of the charges for which [he] was arrested").

Plaintiff asserts in his Amended Complaint that he is currently appealing his conviction, and that he believes it was "constitutionally infirm" and will ultimately be overturned. (Am. Compl. 2.) While it is true that a conviction can only serve as definitive evidence of probable cause for false arrest if the conviction survives appeal, *see Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996), Plaintiff cannot maintain a § 1983 action for false arrest unless and until his conviction is in fact overturned, *see Jean-Laurent*, 2017 WL 933100, at *5 (dismissing false arrest and other claims while direct appeal of the plaintiff's conviction was pending); *see also Bristol v. Queens County*, No. 09-CV-5544, 2011 WL 6937468, at *8 (E.D.N.Y. Feb. 28, 2011) (dismissing false arrest cause of action despite pending appeal of underlying convictions),

10

*adopted by* 2012 WL 10484 (E.D.N.Y. Jan. 3, 2012). "If [the] plaintiff's conviction is reversed on appeal, he will then have a viable cause of action for false arrest under [§] 1983, and the reversal, itself, will be admissible to refute justification for the arrest." *Gibson*, 1998 WL 960303, at *3 (declining to stay proceedings pending the plaintiff's appeal of his conviction because the "plaintiff can bring his claim if and when his criminal conviction is reversed on appeal since the statute of limitations on a false arrest claim does not begin to run until the claim accrues upon reversal"); *see also Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) (dismissing appeal of dismissal of § 1983 claims for false arrest, false imprisonment, and malicious prosecution where the plaintiff "has not demonstrated that his conviction has been invalidated in any manner"); *Croft v. Greenhope Servs. for Women, Inc.*, No. 13-CV-2996, 2013 WL 6642677, at *6 (S.D.N.Y. Dec. 17, 2013) ("Because [the plaintiff's] guilty plea is conclusive evidence of probable cause for her arrest, before [the plaintiff] can pursue her § 1983 claim for false arrest, her conviction must be vacated."); *Torres v. Dennis*, No. 10-CV-0803, 2013 WL 2898142, at *2 (E.D.N.Y. June 13, 2013) (dismissing false arrest claim "without prejudice subject to reinstatement if [the] [p]laintiff's conviction is overturned"); *Dockery v. Tucker*, 73 F. Supp. 2d 224, 232 (E.D.N.Y. 1998) (dismissing false arrest and false imprisonment claims without prejudice and noting that if the "plaintiff successfully challenges his conviction through direct appeal or *habeas corpus* petition, [he] will have an opportunity to replead these claims" (citing *Tavarez*, 54 F.3d at 110)).

Defendants' Motions To Dismiss Plaintiff's § 1983 false arrest claim are therefore granted.

2.  Qualified Immunity

Even if Plaintiff's false arrest claim were not barred, the Defendants are entitled to qualified immunity for similar reasons. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citations and internal quotation marks omitted). Qualified immunity "'gives government officials breathing room to make reasonable but mistaken judgments' by 'protect[ing] all but the plainly incompetent or those who knowingly violate the law.'" *City & County of San Francisco v. Sheehan,* 135 S. Ct. 1765, 1774 (2015) (alteration in original) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731 (2011)). Because qualified immunity is "an affirmative defense [that] . . . reflects an immunity from suit rather than a mere defense to liability[,] . . . it is appropriate to decide the issue of qualified immunity, when raised, at an early stage of the litigation, such as when deciding a pre-answer motion to dismiss." *Betts v. Shearman*, No. 12-CV-3195, 2013 WL 311124, at *4 (S.D.N.Y. Jan. 24, 2013), *aff'd*, 751 F.3d 78 (2d Cir. 2014) (emphasis and internal quotation marks omitted).

In determining whether a right is clearly established, "th[e] inquiry turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken." *Pearson*, 555 U.S. at 244 (internal quotation marks omitted). "In the Second Circuit, 'a right is clearly established if (1) the law is defined with reasonable clarity, (2) the Supreme Court or the Second Circuit has recognized the right, and (3) a reasonable defendant would have understood from the existing law that his conduct was unlawful.'" *Schubert v. City of Rye*, 775 F. Supp. 2d 689, 702 (S.D.N.Y. 2011) (quoting *Luna v. Pico*, 356 F.3d 481, 490 (2d Cir. 2004)). "In the case of allegations to which probable cause is a complete defense, such

as false arrest or imprisonment, the Second Circuit has defined the standard of qualified immunity as one of 'arguable probable cause.'" *Betts*, 2013 WL 311124, at *4 (footnote omitted) (quoting *Cerrone v. Brown*, 246 F.3d 194, 202–03 (2d Cir. 2001)). "Arguable probable cause exists when a reasonable police officer in the same circumstances and possessing the same knowledge as the officer in question *could* have reasonably believed that probable cause existed in the light of well established law." *Cerrone*, 246 F.3d at 202–03 (emphasis in original) (internal quotation marks omitted). In other words, an officer is entitled to qualified immunity if (1) "it was objectively reasonable for the officer to believe that probable cause existed," or (2) "officers of reasonable competence could disagree on whether the probable cause test was met." *See Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991); *see also Betts*, 2013 WL 311124, at *4 (same).

Because Plaintiff was convicted of the offenses that led to his arrest, probable cause for the arrest is established as a matter of law, *see Jean-Laurent*, 2017 WL 933100, at *4, and Defendants are therefore entitled to qualified immunity on the false arrest claim, *see Kennedy v. City of New York*, No. 12-CV-4166, 2015 WL 6442237, at *12 (S.D.N.Y. Oct. 23, 2015) (finding false arrest and other claims "independently subject to dismissal on the grounds of qualified immunity" where Plaintiff's conviction after arrest barred him from bringing such claims); *see also Mesa v. City of New York*, No. 09-CV-10464, 2013 WL 31002, at *9–10 (S.D.N.Y. Jan. 3, 2013) (relying on *Cameron* in finding arresting officers were entitled to qualified immunity for false arrest and imprisonment claims where judge found the defendant guilty of disorderly conduct charge).

13

For the same reason that Plaintiff's convictions definitively establish that Defendants had probable cause to arrest him sufficient to dismiss his false arrest claim, those convictions are sufficient to establish "arguable probable cause" entitling Defendants to qualified immunity.

### III. Conclusion

For the foregoing reasons, Defendants' Motions To Dismiss Plaintiff's claim sounding in false arrest are granted. Because this is the first adjudication of Plaintiff's claim on the merits, and because Plaintiff may be able to state a false arrest claim if his criminal convictions are overturned on appeal, the dismissal is without prejudice. *See Terry v. Inc. Vill. Of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016) (explaining that "district judges should, as a general matter, liberally permit pro se litigants to amend their pleadings" unless "amendment would be futile"). However, because dismissal is based on Plaintiff's underlying criminal convictions, Plaintiff is advised to refrain from attempting to replead his false arrest claim until determination of his criminal appeal. Any amended complaint will replace, not supplement, the complaint currently before the Court. It therefore must contain *all* of the claims and factual allegations Plaintiff wishes the Court to consider. The Court will not consider factual allegations raised in supplemental declarations, affidavits, or letters.

The Clerk of the Court is respectfully requested to terminate the pending motions, (Dkt. Nos. 63, 68, and 70), and to mail a copy of this Opinion to Plaintiff.

SO ORDERED.

Dated: November 7, 2018
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE