

O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036-6537

T: +1 212 326 2000
F: +1 212 326 2061
omm.com

File Number:

March 5, 2021

**Jonathan Rosenberg**
D: +1 212 408 2409
jrosenberg@omm.com

BY ECF

The Honorable Kenneth M. Karas
United States District Judge
300 Quarropas St.
White Plains, NY 10601-4150

# MEMO ENDORSEMENT

**Re:  Drayton v. Young, et al., Case No. 7:17-CV-5440**

Dear Judge Karas:

We have recently been retained as pro bono counsel for Plaintiff Frank Drayton, under the Court's November 24, 2020 Order, and we respectfully submit this letter to request that the Court (1) adjourn the June 10, 2021 trial date and stay the trial until after Mr. Drayton's newly revived criminal proceeding is resolved, and (2) adjourn the March 23, 2021 status conference until the week of April 5 (all parties are available any day that week except for April 6 and 7) because one of Defendants' counsel is unavailable on March 23.  We have conferred with Defendants, and they consent to the Court adjourning and staying trial and to rescheduling a status conference.  Mr. Drayton has not previously made such a request.

As discussed below, adjourning the trial until after Mr. Drayton's criminal proceeding is resolved would avoid the risk of this case infringing on Mr. Drayton's Fifth Amendment rights.  While the criminal proceeding is pending, we will review the discovery and pre-trial record, determine what additional discovery is appropriate, and confer with Defendants regarding potentially reopening discovery for targeted document requests and depositions.

**Background.**  Mr. Drayton's Section 1983 pro se complaint alleges that Defendants used excessive force while arresting him on January 6, 2016, causing serious injuries, including a broken nose and lacerations to his face, back, and legs.  The January 6, 2016 arrest also resulted in criminal charges, and on June 26, 2016, Mr. Drayton was convicted in Sullivan County Court of robbery, conspiracy, resisting arrest, and criminal possession of stolen property.  Mr. Drayton filed a notice to appeal his convictions before the Appellate Division Third Department on December 23, 2016.  On June 29, 2018, while his convictions were still pending appeal, Mr. Drayton moved the Sullivan County Court to vacate his convictions because (among other reasons) his defense counsel provided ineffective assistance by failing to investigate and present Mr. Drayton's alibi evidence that he was at a restaurant when the robbery occurred.  On September 11, 2018, the Sullivan County Court held that it was barred from even hearing Mr. Drayton's motion because Mr. Drayton should have raised the ineffective assistance of counsel argument in appealing his conviction.  The Third Department reversed that decision on December 24, 2020, holding that Mr. Drayton's ineffective assistance of counsel argument

involves matters outside of the appellate record, such as security camera footage, and thus was appropriate for the lower court to resolve on a motion to vacate. *See People v. Drayton*, 138 N.Y.S. 3d 275, 276 (3d Dep't 2020) (enclosed). The Sullivan County Court has scheduled a hearing on Mr. Drayton's motion to vacate for March 16, 2021.

**The Court should wait to set a trial date until after the criminal proceeding is resolved.** Mr. Drayton respectfully submits that the Court should adjourn and stay the trial until after his criminal proceeding to (i) protect Mr. Drayton's Fifth Amendment rights and (ii) allow O'Melveny (which was only recently retained) time to review the record and confer with Defendants on potentially seeking to reopen discovery.

*Fifth Amendment Rights.* Proceeding to trial in this action while Mr. Drayton's reinstated criminal proceeding is pending would be inconsistent with Mr. Drayton's Fifth Amendment rights. Mr. Drayton cannot effectively put on his case here without testifying. Proceeding to trial while the criminal proceeding is pending would therefore force Mr. Drayton to choose between exercising his Fifth Amendment rights and pursuing his claims here. Courts in this district have recognized that a plaintiff pursuing Section 1983 claims related to an arrest should not have to make such a choice, and have for that reason deferred trial of the civil action until after the criminal proceeding concludes. *See, e.g., Estes-El v. Long Island Jewish Med. Ctr.*, 916 F. Supp. 268, 270 (S.D.N.Y. 1995) (recommending stay of Section 1983 action pending resolution of state court proceeding where "proceeding with civil discovery could prejudice . . . plaintiff . . . because of potential Fifth Amendment issues").

*Evaluating Discovery.* There was only limited discovery while Mr. Drayton was proceeding pro se before discovery closed on July 29, 2019. The parties exchanged interrogatories and produced some documents, and Defendants took Mr. Drayton's deposition, but Mr. Drayton did not depose any of the Defendants, or any witnesses. Now that Mr. Drayton is represented by counsel, he should be permitted the opportunity to move for any additional discovery necessary to complete the record and effectively prepare the case for trial. *See Rivas v. Suffolk Cty.*, 2008 WL 45406, at *2 (2d Cir. Jan. 3, 2008) (ordering district court to appoint pro bono counsel where discovery had already been closed and to give counsel "the opportunity to file . . . any and all motions . . . to reopen discovery" among other things).

We are reviewing the record and determining what additional discovery to seek. We will then confer with Defendants to try to reach agreement on additional discovery so that this issue can be addressed by the Court at the status conference. Adjourning Mr. Drayton's trial until the conclusion of his criminal proceeding would therefore be an efficient use of judicial resources and ensure that Mr. Drayton has a fair opportunity to present his case.

*   *   *

We appreciate the Court's attention to these requests.

O'Melveny

Respectfully,

*/s/ Jonathan Rosenberg*

Jonathan Rosenberg

Enclosure

The Court will adjourn the March 23, 2021 status conference and instead hold a status conference on April 8, 2021 at 10:30am. At this time, the Court will not adjourn Defendant's trial date of June 10, 2021.

White Plains, NY
March 8, 2021

SO ORDERED

KENNETH M. KARAS U.S.D.J.

3



--- N.Y.S.3d ----, 189 A.D.3d 1888, 2020 WL 7647892 (N.Y.A.D. 3 Dept.), 2020 N.Y. Slip Op. 07951

**\*\*1** The People of the State of New York, Respondent,

v

Frank Drayton, Appellant.

Supreme Court, Appellate Division, Third Department, New York
109079, 110646
December 24, 2020

CITE TITLE AS: People v Drayton

**HEADNOTES**

Crimes
Arrest
Probable Cause—Warrantless Arrest Valid

Crimes
Appeal
Preservation of Issue for Review—Proof of Other Crimes

Crimes
Sentence
Second Felony Offender—Resentencing Required Due to **\*1889** Reversal of Prior Conviction

Crimes
Vacatur of Judgment of Conviction
Motion Properly Denied for Issues Reviewable on Direct Appeal

Crimes
Vacatur of Judgment of Conviction
Motion Erroneously Denied for Ineffective Assistance of Counsel Issue

Sandra M. Colatosti, Albany, for appellant.
Meagan K. Galligan, Acting District Attorney, Monticello (Kristin L. Hackett of counsel), for respondent.

Aarons, J. Appeals (1) from a judgment of the Supreme Court (Schick, J.), rendered December 21, 2016 in Sullivan County, upon a verdict convicting defendant of the crimes of robbery in the second degree (two counts), conspiracy in the fourth degree (two counts), resisting arrest and criminal possession of stolen property in the fifth degree, and (2) by permission, from an order of the County Court of Sullivan County (LaBuda, J.), entered September 11, 2018, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In 2016, a confidential informant (hereinafter CI) was involved in a controlled buy for the purchase of drugs and a gun. At the controlled buy, defendant and others threatened the CI if he did not give them money. Defendant was later apprehended and charged with multiple crimes in connection with this incident. Prior to trial, defendant moved to suppress certain evidence. Following a hearing, County Court (LaBuda, J.) denied the motion. A *Sandoval* hearing was also held, after which the court found that the People could cross-examine defendant, should he testify, about his prior convictions. After a jury trial, defendant was convicted of robbery in the second degree (two counts), conspiracy in the fourth degree (two counts), resisting arrest and criminal possession of stolen property in the fifth degree. Defendant thereafter moved to set aside the verdict under CPL 330.30. Supreme Court (Schick, J.) denied the motion and sentenced defendant, as a second felony offender, to a term of imprisonment, to be followed by a period of postrelease supervision. Defendant then moved to vacate the judgment of conviction under CPL 440.10. County Court denied the motion without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the order denying his CPL article 440 motion.

Defendant asserts that County Court erred in denying his motion to suppress—specifically, that probable cause was lacking to arrest him.[1] "A police officer may conduct a warrantless search of a defendant's person and possessions incident to a lawful arrest" (*People v Ruppert,* 42 AD3d 817, 818 [2007], lv **\*1890** denied 9 NY3d 964 [2007] [citations omitted]). "In the absence of a warrant, a lawful arrest is one that is supported by probable cause" (*People v Cruz,* 131 AD3d 724, 726 [2015] [citations omitted], lv denied 26 NY3d 1087 [2015]; see *People v Turner,* 178 AD3d 70, 75 [2019]). "Probable cause exists when an officer has knowledge of facts and circumstances sufficient to support a reasonable belief

that an offense has been or is being committed" (People v Maldonado, 86 NY2d 631, 635 [1995] [internal quotation marks and citations omitted]).

At the suppression hearing, a detective sergeant with the Sullivan County Sheriff's office testified that he observed the CI meet with two individuals and then engage in a hand-to-hand exchange with one of them. The sergeant further testified that, very shortly **\*\*2** after the exchange took place, he observed a van approach and drop off two individuals—one of whom was wearing a black hoodie and was subsequently determined to be defendant. The group proceeded out of sight and then the sergeant heard a gunshot. Following the gunshot, defendant and another individual got in the van, which drove away. The CI eventually told the sergeant that he had been robbed by the individuals and that one of them was wearing a black jacket—information that was relayed to other law enforcement officials. Based upon testimony at the suppression hearing, the van cut off its lights, ran through stop signs, did not use turn signals and was driving at an unreasonable speed for the neighborhood. The van also did not stop, even though a marked law enforcement vehicle was following the van with its lights activated. When the van eventually stopped, defendant and another individual jumped out and ran away. A detective with the Monticello Police Department chased defendant, which ended after defendant tripped and fell while running. The detective searched defendant and found on him some of the money used in the controlled buy.

In view of the evidence that the CI was threatened by defendant, among others, the description of what defendant was wearing, the fact that defendant was seen absconding in a van, which was subsequently observed to be driving erratically, and defendant's flight from the van when it stopped, County Court did not err in finding that probable cause existed for the warrantless arrest of defendant. Accordingly, the suppression motion was correctly denied (*see* People v Ormsby, 30 AD3d 757, 758 [2006], *lv denied* 7 NY3d 816 [2006]; People v Virola, 300 AD2d 822, 823 [2002], *lv denied* 99 NY2d 633 [2003]; People v Oliver, 191 AD2d 815, 816-817 [1993]; People v Brown, 151 AD2d 199, 204 [1989], *lv denied* 75 NY2d 768 [1989]).

**\*1891** Defendant argues that County Court's *Sandoval* ruling was erroneous. Defendant, however, failed to object to the court's ruling at the close of the *Sandoval* hearing. In view of this, his argument is unpreserved (*see* People v Hawkins, 11 NY3d 484, 494 [2008]; People v Sansone, 163 AD3d 1271, 1272 [2018]; People v Stacconi, 151 AD3d 1395, 1397 [2017]).

As to defendant's adjudication as a second felony offender, the People filed a second felony offender statement relying on defendant's prior conviction, upon a guilty plea, of two counts of criminal sale of a controlled substance in the third degree. Defendant contends that his guilty plea in connection with these crimes was not made knowingly, intelligently and voluntarily. In view of our determination in People v Drayton (189 AD3d 1892 [2020] [decided herewith]) invaliding the guilty plea and reversing the judgment of conviction in that case, the matter must be remitted for resentencing.

Regarding the CPL 440.10 motion, County Court denied it on the sole basis that this appeal was pending at the time that defendant moved for **\*\*3** postjudgment relief and that there were sufficient facts appearing on the record of the appeal to resolve the issues raised in his motion. Indeed, CPL 440.10 (2) (b)—the provision relied upon by the court—states that a court must deny a motion to vacate a judgment of conviction where "[t]he judgment is, at the time of the motion, appealable or pending on appeal, and sufficient facts appear on the record with respect to the ground or issue raised upon the motion to permit adequate review thereof upon such an appeal." In his brief, defendant raises two issues with respect to the denial of his CPL 440.10 motion—the police officers conducted an impermissible showup and ineffective assistance of counsel. Because sufficient facts appear in the record of the direct appeal to resolve the issue of whether there was an impermissible showup, the court did not err in denying the motion under CPL 440.10 (2) (b) to that extent (*see* People v Grays, 162 AD3d 1224, 1228 [2018], *lv denied* 32 NY3d 1111 [2018]; People v Bruno, 97 AD3d 986, 987 [2012], *lv denied* 20 NY3d 931 [2012]).

We reach a different conclusion, however, with respect to defendant's ineffective assistance of counsel contention. This contention centers on the premise that his counsel was ineffective for failing to investigate a potential alibi defense. Defendant filed an alibi notice claiming that he had been at a restaurant prior to and at the time of the incident at issue. In his CPL 440.10 motion, defendant averred in a supporting affidavit that his counsel failed to interview witnesses at the **\*1892** restaurant and failed to secure surveillance video at the restaurant, as well as video depicting the crime scene.

This issue involves, to an extent, the consideration of matters outside the record and, therefore, is proper for a CPL 440.10 motion to vacate a judgment of conviction (*see People v Taylor*, 156 AD3d 86, 91-92 [2017], *lv denied* 30 NY3d 1120 [2018]; *People v Griffin*, 134 AD3d 1228, 1230 [2015], *lv denied* 27 NY3d 1132 [2016]; *People v McDonald*, 255 AD2d 688, 688 [1998]). As such, the court mistakenly concluded that CPL 440.10 (2) (b) prohibited it from examining defendant's CPL 440.10 motion to the extent that defendant advanced an ineffective assistance of counsel claim.

Finally, although the parties have briefed the merits of the ineffective assistance of counsel issue, County Court did not address them. Rather, as noted, the court solely concluded that it was barred from doing so under CPL 440.10 (2) (b). In view of this, the matter must be remitted for a determination of the merits of the ineffective assistance of counsel claim (*see People v Maxwell*, 89 AD3d 1108, 1110 [2011]; *see generally* CPL 470.15 [1]; *People v Nicholson*, 26 NY3d 813, 826 [2016]; *People v LaFontaine*, 92 NY2d 470, 474 [1998]). [2] Defendant's remaining contentions have been considered and are unavailing.

Lynch, J.P., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur. Ordered that the judgment is modified, **4 on the law, by vacating the sentence imposed; matter remitted to the Supreme Court for resentencing; and, as so modified, affirmed. Ordered that the order is modified, on the law, by reversing so much thereof as denied defendant's CPL 440.10 motion predicated upon a claim of ineffective assistance of counsel; matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

**FOOTNOTES**

Copr. (C) 2021, Secretary of State, State of New York

## Footnotes

1   Defendant asserted this ground as a basis when seeking suppression of the discovered tangible evidence. As such, contrary to the People's assertion, defendant's argument is preserved.

2   We express no opinion on the viability of the ineffective assistance of counsel claim, whether defendant's motion, to the extent premised on this claim, should be summarily granted or denied or whether defendant is entitled to a hearing on it.

**End of Document**                    © 2021 Thomson Reuters. No claim to original U.S. Government Works.