UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

FRANK SAMUEL DRAYTON,

                   Plaintiff,

     - against -

WILLIAM YOUNG, JR.; MICHAEL DAVIS;
GEORGE MENDEZ; JASON GORR,

                  Defendants.

-------------------------------------------------------------X

17-cv-5440 (KMK)(PED)

**SETTLEMENT STIPULATION,
RELEASE, AND ORDER
OF DISMISSAL**

This SETTLEMENT STIPULATION, RELEASE, AND ORDER OF DISMISSAL ("Settlement Stipulation"), made by and between Plaintiff, FRANK SAMUEL DRAYTON ("Plaintiff"), and WILLIAM YOUNG, JR., MICHAEL DAVIS, GEORGE MENDEZ, and JASON GORR, (collectively, "Defendants"):

WHEREAS, Plaintiff commenced this action by filing a complaint on July 17, 2017 (the "Complaint") (Dkt. No. 2), and filing an amended complaint on March 26, 2018 (the "Amended Complaint") (Dkt. No. 54), in the United States District Court for the Southern District of New York, Civ. No. 17-5440, against the above-listed Defendants alleging, *inter alia*, that Defendants violated Plaintiff's rights by using excessive force against him on January 7, 2016 (the "Action"); and

WHEREAS, by Opinion and Order, the Court granted Defendants' Motion to Dismiss as it relates to Plaintiff's false arrest claims (Dkt. No. 84); and

WHEREAS, Defendant Gorr filed an answer on November 15, 2018 (Dkt. No. 88), Defendants Davis and Mendez filed an answer on November 20, 2018 (Dkt. No. 92), and Defendant Young filed an answer on November 20, 2018 (Dkt. No. 94); and

WHEREAS, the Plaintiff and Defendants participated in two settlement conferences before Magistrate Judge Davison on November 22, 2021 and November 29, 2021; and

WHEREAS, Plaintiff and Defendants, whether in their individual or official capacities, expressly deny any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in this matter whatsoever; and

WHEREAS, Plaintiff and Defendants wish to fully resolve the claims alleged in this Action, and any and all other related disputes and counteractions, without further litigation or proceedings and without admission of fault or liability and have negotiated in good faith for that purpose; and

WHEREAS, neither Plaintiff nor any of the Defendants is an infant or incompetent person; and no person not a party has an interest in the subject matter of the Action; and

WHEREAS, Plaintiff and Defendants represent and warrant that, other than this Action, they have no action or proceeding pending in any state or federal court, arising out of or relating to the subject matter of this lawsuit;

NOW THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Settlement Stipulation, Plaintiff and Defendants hereby stipulate and agree as follows:

1. **Payment to Plaintiff**

In full consideration of Plaintiff's execution of this Settlement Stipulation including his agreement to the release in Paragraph 10, to be bound by the Settlement Stipulation's terms, to file the Stipulation of Dismissal of the Action with prejudice as set forth in Paragraph 4, and the dismissal of Defendant Young from this action,  Defendants shall pay Fourteen Thousand Dollars ($14,000.00) subject to the conditions precedent in Paragraph 2 and 3, in full satisfaction of any

2

and all claims, allegations or actions, direct or indirect, known or unknown, that Plaintiff had, has, or may have against Defendants, whether in their individual or official capacities, arising out of conduct, acts, or omissions prior to, up to and including the date of this Settlement Stipulation, including but not limited to those asserted in the Action, including any attorney's fees, costs, disbursements, and expenses incurred by Plaintiff for any and all counsel who have assisted Plaintiff or at any time represented Plaintiff in the Action, or in connection with any other proceeding, administrative, judicial, or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted in the Action  Defendants have allocated the total settlement amount among themselves as follows:

   a) The State of New York, on behalf of Defendant Young, shall pay to Plaintiff the sum of One Thousand Five Hundred Dollars ($1,500.00) for which an I.R.S. form 1099 shall be issued;

   b) The Defendant Gorr shall pay to Plaintiff the sum of Two Thousand Five Hundred Dollars ($2,500.00) for which an I.R.S. form 1099 shall be issued; and

   c) The Defendants Davis and Mendez shall pay to Plaintiff the sum of Ten Thousand Dollars ($10,000.00) for which an I.R.S. form 1099 shall be issued.

The checks to be issued by the Defendants shall be payable to "Frank Samuel Drayton" and delivered to Colleen Powers, O'Melveny and Myers, LLP, Times Square Tower, 7 Times Square, New York, N.Y. 10036.

   2. **State Approval of Payments Made on Behalf of Defendant Young**

Payment of the settlement amount specified in Paragraph 1(a) of this Settlement Stipulation on behalf of Defendant Young is subject to the approval of all appropriate State officials in accordance with N.Y. Public Officers Law § 17 (the "Approval").   Plaintiff agrees to promptly

3

execute and deliver the necessary and appropriate vouchers and other documentation requested with respect to obtaining the Approval and effectuating payment.

3. **Conditions Precedent to Payment on Behalf of Defendants Mendez, Davis, and Gorr**

Defendants Mendez, Davis, and Gorr (the "non-State Defendants") shall transmit their respective payments identified in Paragraph 1(b) and (c) to O'Melveny and Myers, LLP, Times Square Tower, 7 Times Square, New York, N.Y. within twenty-one (21) days from (a) the Effective Date of this Stipulation as defined in Paragraph 24 and (b) the Defendants' receipt of Plaintiff's endorsed W-9.

4. **Dismissal of the Action with Prejudice**

(a)    Within three (3) business days of Plaintiff's receipt of the non-State Defendants' full payment described in Paragraph 1(b) and (c) of this Settlement Stipulation, Plaintiff will file a Stipulation of Dismissal in the form attached hereto as Exhibit A dismissing with prejudice under Fed. R. Civ. P. 41(a)(I)(A)(ii), all claims asserted in this Action against the non-State Defendants and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 1.

(b)    The Action and all claims and counterclaims asserted therein are hereby dismissed with prejudice against Defendant Young pursuant to Fed. R. Civ. P. 41(a)(l)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 1 above.

5. **Accrual of Interest of Payments Made on Behalf of Defendant Young**

In the event that payment of the settlement amount paid to Plaintiff, as specified in Paragraph 1 of this Settlement Stipulation, has not been made by the one hundred twentieth (120th) day after receipt by the Office of the Attorney General of a "So-Ordered" copy of this Settlement

4

Stipulation, entered into the record by the Clerk of the Court, together with all other documentation required under Paragraphs 1 and 2 of this Settlement Stipulation, interest on any part of the settlement amount not paid by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day, unless the provisions of Executive Law Section 632-a apply to Plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days with respect to the first check to allow for compliance with that law.

6. **Liability of Plaintiff for Taxes**

It is understood and agreed that any taxes, or interest or penalties on taxes, on the settlement amount specified in Paragraph 1 of this Settlement Stipulation shall be the sole and complete responsibility of Plaintiff and that Plaintiff shall have no claim, right or cause of action against Defendants, Village of Monticello, County of Sullivan, New York State Police, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees or agents, whether in their individual or official capacities, on account of such taxes, interest or penalties. Plaintiff agrees that he will defend, indemnify, and hold harmless Defendants, Village of Monticello, County of Sullivan, New York State Police, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their present and former principals, officers, officials, directors, members, affiliates, employees, agents, attorneys, insurers, reinsurers, subdivisions, subsidiaries,

heirs, administrators, and assigns, whether in their individual or official capacities for the satisfaction of any such taxes, or interest or penalties on taxes.

### 7. Liability of Plaintiff for Liens and Setoffs

Plaintiff agrees that neither Defendants, Village of Monticello, County of Sullivan, New York State Police, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), nor any of their officials, employees or agents, whether in their individual or official capacities, shall be responsible for any liens or setoffs of any kind (including, but not limited to, any and all unemployment benefits, workers' compensation, tax, or child support liens) which may attach to the settlement amount specified in Paragraph 1 of this Settlement Stipulation. Plaintiff shall have no claim, right, or cause of action against Defendants, Village of Monticello, County of Sullivan, New York State Police, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their present and former principals, officers, officials, directors, members, affiliates, employees, agents, attorneys, insurers, reinsurers, subdivisions, subsidiaries, heirs, administrators, and assigns, whether in their individual or official capacities -on account of such liens, and agrees that he will defend, indemnify, and hold harmless Defendants, Village of Monticello, County of Sullivan, New York State Police, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their present and former principals, officers, officials, directors, members, affiliates, employees, agents, attorneys, insurers, reinsurers, subdivisions, subsidiaries, heirs, administrators, and assigns, whether in their individual or official capacities, for the satisfaction of any such liens.

### 8. Medicare Certification

Plaintiff acknowledges and understands that Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA"), 42 U.S.C. § 1395y(b), mandates that the State of New York and the OAG report information to Medicare regarding settlements, judgments, awards, or payments of any kind for the purpose of coordinating benefits for Medicare beneficiaries, and agrees to deliver an executed and notarized Affidavit of Medicare Eligibility Status, in the form annexed hereto as Exhibit B, to each Defendant. Plaintiff acknowledges and understands that the submission of this Affidavit, and any and all requested supporting documentation, to the OAG is a prerequisite to payment of the settlement amounts specified in Paragraph 1 of this Settlement Stipulation, and falls within the category of "other documentation" described in Paragraphs 2 and 5 of this Settlement Stipulation.

### 9. Liability of Plaintiff for Any Medicare Payments and/or Liens

Plaintiff agrees to defend, indemnify, and hold harmless Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their present and former principals, officers, officials, directors, members, affiliates, employees, agents, attorneys, insurers, reinsurers, subdivisions, subsidiaries, heirs, administrators, and assigns, whether in their individual or official capacities regarding any liens or past and/or future Medicare payments presently known or unknown in connection with the Action. The Plaintiff agrees to indemnify and hold the Defendants harmless should there be any claim for liens or any third party claims regarding the settlement funds and stipulate that in the event of any liens, claims, demands, and/or subrogated interests, the sole responsibility to satisfy any such liens,

7

claims, demands and/or subrogated interests that may be asserted or that may in the future exist or be asserted is his and not the Defendants.

If conditional and/or future anticipated Medicare payments have not been satisfied, Defendants, and/ or Village of Monticello, and/or County of Sullivan, and/or the State of New York and/or New York State Police, and/or the OAG reserve the right to issue a multi-party check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the amounts specified in Paragraph 1 of this Settlement Stipulation. Upon receipt of all required documentation under Paragraphs 2, 5, and 8, payment of the settlement amount specified in Paragraph 1 shall be made in accordance with the terms set forth herein.

The Plaintiff acknowledges that this settlement is based upon a good faith determination of the Parties to resolve disputed claims. The Plaintiff and Defendants have attempted to resolve this matter in compliance with both state and federal law, and it is believed that the settlement terms adequately consider and protect Medicare's interest and do not reflect any attempt to shift responsibility of past or future medical treatment to Medicare in contravention of 42 U.S.C. § 1395y(b). The Plaintiff and Defendants acknowledge and understand that any present or future action or decision by the Centers for Medicare & Medicaid Services on this settlement, or the Plaintiff's eligibility or entitlement to Medicare or Medicare benefits, will not render the release contained in Paragraph 10 herein void or ineffective, or in any way affect the finality of this liability settlement.

**10. Releases**

Effective as to each Defendant upon receipt of that Defendant's respective payment under Paragraph 1 of this Settlement Stipulation, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and which Plaintiff accepts in full and complete

satisfaction of any and all claims for compensatory damages (including but not limited to pain and suffering, mental and emotional anguish and trauma, damage to reputation, economic damages, punitive damages, and liquidated damages) alleged or that could have been alleged against Defendants, Plaintiff, on behalf of himself, his heirs, executors, administrators, successors, and assigns hereby releases and forever discharges each of the Defendants, Village of Monticello, County of Sullivan, New York State Police, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), together with all of their present and former principals, officers, officials, directors, members, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators, and assigns, whether in their individual or official capacities from any and all claims regarding or arising out of the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Amended Complaint in this Action, or which could have been asserted in this Action.

**11.   No Other Action or Proceeding Commenced**

Other than the Action, Plaintiff represents and warrants that he has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind, in any court, against Defendants, Village of Monticello, County of Sullivan, New York State Police, the State of New York (including, but not limited to, any agencies, departments, and subdivisions thereof), and/or any of their officials, employees, or agents, whether in their individual or official capacities, on his own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that include claims regarding or arising out of the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Amended Complaint in this Action, and that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this

9

representation constitutes a material inducement for Defendants to enter into this Settlement Stipulation.

### 12. No Other Attorney

Plaintiff represents and warrants that no other attorneys have presented a lien for services rendered to Plaintiff pursuant to the provisions of N.Y. Judiciary Law § 475 or otherwise in the Action. Plaintiff agrees to defend, indemnify, and hold harmless Defendants, Village of Monticello, County of Sullivan, New York State Police, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their individual or official capacities, from any liability or claims for attorneys' fees, costs, disbursements, or expenses incurred by Plaintiff in the Action.

### 13. No Prevailing Party

Neither Plaintiff nor Defendants shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

### 14. Successors and Assigns

The terms and conditions of this Settlement Stipulation shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

### 15. Authority

Each signatory to this Settlement Stipulation hereby represents and warrants that he, she, or it has the requisite authority to enter into this Settlement Stipulation and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Stipulation.

### 16. Voluntary Agreement

10

The Plaintiff and Defendants execute and deliver this Settlement Stipulation voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that she, he, or it understands its terms, contents and effect. The Plaintiff and Defendants hereto acknowledge that he, she, or it is aware, and is advised, of his, her or its right to seek the advice of an attorney and that he, she or it has been represented by counsel of his, her or its own choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party hereto or anyone acting on behalf of such party.

### 17. No Admission of Liability

It is understood and agreed that any action taken, or payments made pursuant to this Settlement Stipulation are made solely to avoid the burdens and expense of protracted litigation, and that this Settlement Stipulation and the actions taken, or payment made pursuant hereto are not to be construed as constituting any determination on the merits of any claims, whether asserted or purportedly asserted in the Action.

Nothing contained in this Settlement Stipulation shall be deemed to constitute a policy, practice, or custom of Village of Monticello, County of Sullivan, New York State Police, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities.

### 18. No Precedential Value

This Settlement Stipulation shall not in any manner be construed as determinative of the issues or claims, whether raised or purportedly raised, in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph

11

herein, this Settlement Stipulation shall not bind or collaterally estop Defendants, Village of Monticello, County of Sullivan, New York State Police, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities, in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

19. **Entire Agreement**

This Settlement Stipulation constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges, and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Stipulation, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

20. **Governing Law**

The terms of this Settlement Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to Plaintiff's release and waiver of federal claims or purported claims pursuant to Paragraph 10 of this Settlement Stipulation.

21. **Waiver**

Failure to insist on compliance with any term, covenant, or condition contained in this Stipulation shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Stipulation at any one or more times be deemed a waiver or relinquishment of any right or power at any time or all times.

**22.  Severability**

If any provision of this Settlement Stipulation shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

**23.  Headings**

The headings contained in this Settlement Stipulation are for convenience of reference only and are not a material part of this Settlement Stipulation.

**24.  Effective Date**

The Effective Date of this Stipulation shall be upon the full execution of this Stipulation by the parties and their counsel, as set forth in the signature lines of this Stipulation.

**25.  Execution**

This Settlement Stipulation may be executed in any number of counterparts, all of which taken together shall constitute one Settlement Stipulation and may be executed by email .

IN WITNESS WHEREOF, the parties hereto acknowledge that they have read this Settlement Stipulation and accept and agree to the provisions contained herein and have each executed this Settlement Stipulation to be effective on the day and date indicated below.

Dated: New York, New York
       March 14,  2022

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendant Young*

By: Rebecca Ann Durden
Assistant Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-8653
Rebecca.durden@ag.ny.gov

13

Dated: New York, New York
~~February~~  *15*, 2022
March

Drake Loeb, PLLC
*Attorneys for Defendants Davis and Mendez*

By: Adam Rodd, Esq.
555 Hudson Valley Avenue,
Suite 100
New Windsor, New York 12553
(854) 458-7303
arodd@drakeloeb.com

Dated: New York, New York
~~February~~  *15*, 2022
March

Drew, Davidoff & Edwards
Law Offices, LLP
*Attorneys for Defendant Gorr*

By: Michael Davidoff
196 Bridgeville Road, Suite 6
PO Drawer 1040
Monticello, New York 12701
(845) 794-5000
michael@ddelawoffice.com

Dated: New York, New York
March 14, 2022

O'Melveny and Myers, LLP
*Attorneys for Plaintiff*

*Colleen Powers*
By:  Colleen Powers
Times Square Tower
7 Times Square

New York, NY  10036
(212) 326-2000


Dated: _Fallsburg_ , New York
February  **25** , 2022

_[signature]_

FRANK SAMUEL DRAYTON
*Plaintiff*


## ACKNOWLEDGMENT

On the **25** day of  _February_  2022, before me came, Plaintiff, FRANK SAMUEL

DRAYTON, known to me or proved to me on the basis of satisfactory evidence to be the person

whose name is subscribed on the within instrument, and acknowledged to me that he executed the

same.

_[signature]_

Notary Public

RICHARD P WISSLER
Notary Public - State of New York
NO. 01WI6397622
Qualified in Orange County
My Commission Expires Sep 9, 2023


**SO ORDERED:**

Dated: New York, New York
    March 22,          , 2022

_[signature]_

U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FRANK SAMUEL DRAYTON,                               :
                                                   :        17-cv-5440 (KMK)(PED)
                            Plaintiff,             :
                                                   :    **SETTLEMENT STIPULATION,**
        - against -                                :    **RELEASE, AND ORDER**
                                                   :    **OF DISMISSAL**
WILLIAM YOUNG, JR.; MICHAEL DAVIS;                 :
GEORGE MENDEZ; JASON GORR,                         :
                                                   :
                            Defendants.            :
-------------------------------------------------------------X

        This SETTLEMENT STIPULATION, RELEASE, AND ORDER OF DISMISSAL

("Settlement Stipulation"), made by and between Plaintiff, FRANK SAMUEL DRAYTON

("Plaintiff"), and WILLIAM YOUNG, JR., MICHAEL DAVIS, GEORGE MENDEZ, and

JASON GORR, (collectively, "Defendants"):

        WHEREAS, Plaintiff commenced this action by filing a complaint on July 17, 2017 (the

"Complaint") (Dkt. No. 2), and filing an amended complaint on March 26, 2018 (the "Amended

Complaint") (Dkt. No. 54), in the United States District Court for the Southern District of New

York, Civ. No. 17-5440, against the above-listed Defendants alleging, *inter alia*, that Defendants

violated Plaintiff's rights by using excessive force against him on January 7, 2016 (the "Action");

and

        WHEREAS, by Opinion and Order, the Court granted Defendants' Motion to Dismiss as

it relates to Plaintiff's false arrest claims (Dkt. No. 84); and

        WHEREAS, Defendant Gorr filed an answer on November 15, 2018 (Dkt. No. 88),

Defendants Davis and Mendez filed an answer on November 20, 2018 (Dkt. No. 92), and

Defendant Young filed an answer on November 20, 2018 (Dkt. No. 94); and

WHEREAS, the Plaintiff and Defendants participated in two settlement conferences before Magistrate Judge Davison on November 22, 2021 and November 29, 2021; and

WHEREAS, Plaintiff and Defendants, whether in their individual or official capacities, expressly deny any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in this matter whatsoever; and

WHEREAS, Plaintiff and Defendants wish to fully resolve the claims alleged in this Action, and any and all other related disputes and counteractions, without further litigation or proceedings and without admission of fault or liability and have negotiated in good faith for that purpose; and

WHEREAS, neither Plaintiff nor any of the Defendants is an infant or incompetent person; and no person not a party has an interest in the subject matter of the Action; and

WHEREAS, Plaintiff and Defendants represent and warrant that, other than this Action, they have no action or proceeding pending in any state or federal court, arising out of or relating to the subject matter of this lawsuit;

NOW THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Settlement Stipulation, Plaintiff and Defendants hereby stipulate and agree as follows:

1. **Payment to Plaintiff**

In full consideration of Plaintiff's execution of this Settlement Stipulation including his agreement to the release in Paragraph 10, to be bound by the Settlement Stipulation's terms, to file the Stipulation of Dismissal of the Action with prejudice as set forth in Paragraph 4, and the dismissal of Defendant Young from this action, Defendants shall pay Fourteen Thousand Dollars ($14,000.00) subject to the conditions precedent in Paragraph 2 and 3, in full satisfaction of any

and all claims, allegations or actions, direct or indirect, known or unknown, that Plaintiff had, has, or may have against Defendants, whether in their individual or official capacities, arising out of conduct, acts, or omissions prior to, up to and including the date of this Settlement Stipulation, including but not limited to those asserted in the Action, including any attorney's fees, costs, disbursements, and expenses incurred by Plaintiff for any and all counsel who have assisted Plaintiff or at any time represented Plaintiff in the Action, or in connection with any other proceeding, administrative, judicial, or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted in the Action  Defendants have allocated the total settlement amount among themselves as follows:

a)  The State of New York, on behalf of Defendant Young, shall pay to Plaintiff the sum of One Thousand Five Hundred Dollars ($1,500.00) for which an I.R.S. form 1099 shall be issued;

b)  The Defendant Gorr shall pay to Plaintiff the sum of Two Thousand Five Hundred Dollars ($2,500.00) for which an I.R.S. form 1099 shall be issued; and

c)  The Defendants Davis and Mendez shall pay to Plaintiff the sum of Ten Thousand Dollars ($10,000.00) for which an I.R.S. form 1099 shall be issued.

The checks to be issued by the Defendants shall be payable to "Frank Samuel Drayton" and delivered to Colleen Powers, O'Melveny and Myers, LLP, Times Square Tower, 7 Times Square, New York, N.Y. 10036.

2.  **State Approval of Payments Made on Behalf of Defendant Young**

Payment of the settlement amount specified in Paragraph 1(a) of this Settlement Stipulation on behalf of Defendant Young is subject to the approval of all appropriate State officials in accordance with N.Y. Public Officers Law § 17 (the "Approval").   Plaintiff agrees to promptly

3

execute and deliver the necessary and appropriate vouchers and other documentation requested with respect to obtaining the Approval and effectuating payment.

### 3. Conditions Precedent to Payment on Behalf of Defendants Mendez, Davis, and Gorr

Defendants Mendez, Davis, and Gorr (the "non-State Defendants") shall transmit their respective payments identified in Paragraph 1(b) and (c) to O'Melveny and Myers, LLP, Times Square Tower, 7 Times Square, New York, N.Y. within twenty-one (21) days from (a) the Effective Date of this Stipulation as defined in Paragraph 24 and (b) the Defendants' receipt of Plaintiff's endorsed W-9.

### 4. Dismissal of the Action with Prejudice

(a)     Within three (3) business days of Plaintiff's receipt of the non-State Defendants' full payment described in Paragraph 1(b) and (c) of this Settlement Stipulation, Plaintiff will file a Stipulation of Dismissal in the form attached hereto as Exhibit A dismissing with prejudice under Fed. R. Civ. P. 41(a)(l)(A)(ii), all claims asserted in this Action against the non-State Defendants and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 1.

(b)     The Action and all claims and counterclaims asserted therein are hereby dismissed with prejudice against Defendant Young pursuant to Fed. R. Civ. P. 41(a)(l)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 1 above.

### 5. Accrual of Interest of Payments Made on Behalf of Defendant Young

In the event that payment of the settlement amount paid to Plaintiff, as specified in Paragraph 1 of this Settlement Stipulation, has not been made by the one hundred twentieth (120th) day after receipt by the Office of the Attorney General of a "So-Ordered" copy of this Settlement

Stipulation, entered into the record by the Clerk of the Court, together with all other documentation required under Paragraphs 1 and 2 of this Settlement Stipulation, interest on any part of the settlement amount not paid by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day, unless the provisions of Executive Law Section 632-a apply to Plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days with respect to the first check to allow for compliance with that law.

6. **Liability of Plaintiff for Taxes**

It is understood and agreed that any taxes, or interest or penalties on taxes, on the settlement amount specified in Paragraph 1 of this Settlement Stipulation shall be the sole and complete responsibility of Plaintiff and that Plaintiff shall have no claim, right or cause of action against Defendants, Village of Monticello, County of Sullivan, New York State Police, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees or agents, whether in their individual or official capacities, on account of such taxes, interest or penalties. Plaintiff agrees that he will defend, indemnify, and hold harmless Defendants, Village of Monticello, County of Sullivan, New York State Police, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their present and former principals, officers, officials, directors, members, affiliates, employees, agents, attorneys, insurers, reinsurers, subdivisions, subsidiaries,

heirs, administrators, and assigns, whether in their individual or official capacities for the satisfaction of any such taxes, or interest or penalties on taxes.

### 7. Liability of Plaintiff for Liens and Setoffs

Plaintiff agrees that neither Defendants, Village of Monticello, County of Sullivan, New York State Police, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), nor any of their officials, employees or agents, whether in their individual or official capacities, shall be responsible for any liens or setoffs of any kind (including, but not limited to, any and all unemployment benefits, workers' compensation, tax, or child support liens) which may attach to the settlement amount specified in Paragraph 1 of this Settlement Stipulation. Plaintiff shall have no claim, right, or cause of action against Defendants, Village of Monticello, County of Sullivan, New York State Police, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their present and former principals, officers, officials, directors, members, affiliates, employees, agents, attorneys, insurers, reinsurers, subdivisions, subsidiaries, heirs, administrators, and assigns, whether in their individual or official capacities -on account of such liens, and agrees that he will defend, indemnify, and hold harmless Defendants, Village of Monticello, County of Sullivan, New York State Police, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their present and former principals, officers, officials, directors, members, affiliates, employees, agents, attorneys, insurers, reinsurers, subdivisions, subsidiaries, heirs, administrators, and assigns, whether in their individual or official capacities, for the satisfaction of any such liens.

### 8. Medicare Certification

Plaintiff acknowledges and understands that Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA"), 42 U.S.C. § 1395y(b), mandates that the State of New York and the OAG report information to Medicare regarding settlements, judgments, awards, or payments of any kind for the purpose of coordinating benefits for Medicare beneficiaries, and agrees to deliver an executed and notarized Affidavit of Medicare Eligibility Status, in the form annexed hereto as Exhibit B, to each Defendant. Plaintiff acknowledges and understands that the submission of this Affidavit, and any and all requested supporting documentation, to the OAG is a prerequisite to payment of the settlement amounts specified in Paragraph 1 of this Settlement Stipulation, and falls within the category of "other documentation" described in Paragraphs 2 and 5 of this Settlement Stipulation.

9. **Liability of Plaintiff for Any Medicare Payments and/or Liens**

Plaintiff agrees to defend, indemnify, and hold harmless Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their present and former principals, officers, officials, directors, members, affiliates, employees, agents, attorneys, insurers, reinsurers, subdivisions, subsidiaries, heirs, administrators, and assigns, whether in their individual or official capacities regarding any liens or past and/or future Medicare payments presently known or unknown in connection with the Action. The Plaintiff agrees to indemnify and hold the Defendants harmless should there be any claim for liens or any third party claims regarding the settlement funds and stipulate that in the event of any liens, claims, demands, and/or subrogated interests, the sole responsibility to satisfy any such liens,

7

claims, demands and/or subrogated interests that may be asserted or that may in the future exist or be asserted is his and not the Defendants.

If conditional and/or future anticipated Medicare payments have not been satisfied, Defendants, and/ or Village of Monticello, and/or County of Sullivan, and/or the State of New York and/or New York State Police, and/or the OAG reserve the right to issue a multi-party check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the amounts specified in Paragraph 1 of this Settlement Stipulation. Upon receipt of all required documentation under Paragraphs 2, 5, and 8, payment of the settlement amount specified in Paragraph 1 shall be made in accordance with the terms set forth herein.

The Plaintiff acknowledges that this settlement is based upon a good faith determination of the Parties to resolve disputed claims. The Plaintiff and Defendants have attempted to resolve this matter in compliance with both state and federal law, and it is believed that the settlement terms adequately consider and protect Medicare's interest and do not reflect any attempt to shift responsibility of past or future medical treatment to Medicare in contravention of 42 U.S.C. § 1395y(b). The Plaintiff and Defendants acknowledge and understand that any present or future action or decision by the Centers for Medicare & Medicaid Services on this settlement, or the Plaintiff's eligibility or entitlement to Medicare or Medicare benefits, will not render the release contained in Paragraph 10 herein void or ineffective, or in any way affect the finality of this liability settlement.

## 10. Releases

Effective as to each Defendant upon receipt of that Defendant's respective payment under Paragraph 1 of this Settlement Stipulation, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and which Plaintiff accepts in full and complete

satisfaction of any and all claims for compensatory damages (including but not limited to pain and suffering, mental and emotional anguish and trauma, damage to reputation, economic damages, punitive damages, and liquidated damages) alleged or that could have been alleged against Defendants, Plaintiff, on behalf of himself, his heirs, executors, administrators, successors, and assigns hereby releases and forever discharges each of the Defendants, Village of Monticello, County of Sullivan, New York State Police, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), together with all of their present and former principals, officers, officials, directors, members, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators, and assigns, whether in their individual or official capacities from any and all claims regarding or arising out of the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Amended Complaint in this Action, or which could have been asserted in this Action.

## 11. No Other Action or Proceeding Commenced

Other than the Action, Plaintiff represents and warrants that he has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind, in any court, against Defendants, Village of Monticello, County of Sullivan, New York State Police, the State of New York (including, but not limited to, any agencies, departments, and subdivisions thereof), and/or any of their officials, employees, or agents, whether in their individual or official capacities, on his own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that include claims regarding or arising out of the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Amended Complaint in this Action, and that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this

representation constitutes a material inducement for Defendants to enter into this Settlement Stipulation.

### 12. No Other Attorney

Plaintiff represents and warrants that no other attorneys have presented a lien for services rendered to Plaintiff pursuant to the provisions of N.Y. Judiciary Law § 475 or otherwise in the Action. Plaintiff agrees to defend, indemnify, and hold harmless Defendants, Village of Monticello, County of Sullivan, New York State Police, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their individual or official capacities, from any liability or claims for attorneys' fees, costs, disbursements, or expenses incurred by Plaintiff in the Action.

### 13. No Prevailing Party

Neither Plaintiff nor Defendants shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

### 14. Successors and Assigns

The terms and conditions of this Settlement Stipulation shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

### 15. Authority

Each signatory to this Settlement Stipulation hereby represents and warrants that he, she, or it has the requisite authority to enter into this Settlement Stipulation and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Stipulation.

### 16. Voluntary Agreement

10

The Plaintiff and Defendants execute and deliver this Settlement Stipulation voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that she, he, or it understands its terms, contents and effect. The Plaintiff and Defendants hereto acknowledge that he, she, or it is aware, and is advised, of his, her or its right to seek the advice of an attorney and that he, she or it has been represented by counsel of his, her or its own choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party hereto or anyone acting on behalf of such party.

17.  **No Admission of Liability**

It is understood and agreed that any action taken, or payments made pursuant to this Settlement Stipulation are made solely to avoid the burdens and expense of protracted litigation, and that this Settlement Stipulation and the actions taken, or payment made pursuant hereto are not to be construed as constituting any determination on the merits of any claims, whether asserted or purportedly asserted in the Action.

Nothing contained in this Settlement Stipulation shall be deemed to constitute a policy, practice, or custom of Village of Monticello, County of Sullivan, New York State Police, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities.

18.  **No Precedential Value**

This Settlement Stipulation shall not in any manner be construed as determinative of the issues or claims, whether raised or purportedly raised, in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph

herein, this Settlement Stipulation shall not bind or collaterally estop Defendants, Village of Monticello, County of Sullivan, New York State Police, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities, in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

**19.  Entire Agreement**

This Settlement Stipulation constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges, and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Stipulation, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

**20.  Governing Law**

The terms of this Settlement Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to Plaintiff's release and waiver of federal claims or purported claims pursuant to Paragraph 10 of this Settlement Stipulation.

**21.    Waiver**

Failure to insist on compliance with any term, covenant, or condition contained in this Stipulation shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Stipulation at any one or more times be deemed a waiver or relinquishment of any right or power at any time or all times.

12

## 22. Severability

If any provision of this Settlement Stipulation shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

## 23. Headings

The headings contained in this Settlement Stipulation are for convenience of reference only and are not a material part of this Settlement Stipulation.

## 24. Effective Date

The Effective Date of this Stipulation shall be upon the full execution of this Stipulation by the parties and their counsel, as set forth in the signature lines of this Stipulation.

## 25. Execution

This Settlement Stipulation may be executed in any number of counterparts, all of which taken together shall constitute one Settlement Stipulation and may be executed by email .

IN WITNESS WHEREOF, the parties hereto acknowledge that they have read this Settlement Stipulation and accept and agree to the provisions contained herein and have each executed this Settlement Stipulation to be effective on the day and date indicated below.

Dated: New York, New York
      March 14, 2022

                            LETITIA JAMES
                            Attorney General
                            State of New York
                            *Attorney for Defendant Young*

                            By: Rebecca Ann Durden
                            Assistant Attorney General
                            28 Liberty Street
                            New York, NY 10005
                            (212) 416-8653
                            Rebecca.durden@ag.ny.gov

Dated: New York, New York
~~February~~ _15_, 2022
March

Drake Loeb, PLLC
_Attorneys for Defendants Davis and Mendez_

By: Adam Rodd, Esq.
555 Hudson Valley Avenue,
Suite 100
New Windsor, New York 12553
(854) 458-7303
arodd@drakeloeb.com

Dated: New York, New York
~~February~~ _15_, 2022
MaRCh

Drew, Davidoff & Edwards
Law Offices, LLP
_Attorneys for Defendant Gorr_

By: Michael Davidoff
196 Bridgeville Road, Suite 6
PO Drawer 1040
Monticello, New York 12701
(845) 794-5000
michael@ddelawoffice.com

Dated: New York, New York
March 14, 2022

O'Melveny and Myers, LLP
_Attorneys for Plaintiff_

_Colleen Powers_
By: Colleen Powers
Times Square Tower
7 Times Square

14

New York, NY  10036
(212) 326-2000

Dated: _Fallsburg_, New York
    February _25_, 2022

_____
FRANK SAMUEL DRAYTON
*Plaintiff*

## ACKNOWLEDGMENT

On the _25_ day of _February_ 2022, before me came, Plaintiff, FRANK SAMUEL

DRAYTON, known to me or proved to me on the basis of satisfactory evidence to be the person

whose name is subscribed on the within instrument, and acknowledged to me that he executed the

same.

_____
Notary Public

RICHARD P WISSLER
Notary Public - State of New York
NO. 01WI6397622
Qualified in Orange County
My Commission Expires Sep 9, 2023

**SO ORDERED:**

Dated: New York, New York
        March 22,        , 2022

_____
U.S.D.J.

15